UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE SMITH, JILL PARK, MARY DOE, ANN JONES, and DR. AMY MOE, <br><br> Plaintiffs, <br><br>                   -against- <br><br> KATHY HOCHUL, as Governor of the State of New York in her official capacity; LETITIA JAMES, *et al...*; <br><br> Defendants. | CIVIL ACTION NO. 21-CV-00035 (LEK/ABT) <br><br><br> <u>CLASS ACTION</u> |

---

**PLAINTIFFS' MOTION TO SUBSTITUTE EXHIBIT AND
MEMORANDUM IN SUPPORT THEREOF**

---

Teresa S. Collett, Esquire
3195 Red Oak Drive
Eagan, MN 55121
Telephone: (651) 271-2958
Email: Teresa.S.Collet@gmail.com
N.D.N.Y. Atty. Bar Roll #702425
*COUNSEL FOR Plaintiffs*

Christen Elizabeth Civiletto, Esquire
8313 West Point Drive
East Amherst, New York 14051
Telephone: (716) 713-2431
Email: christenciviletto@gmail.com
N.D.N.Y. Atty. Bar Roll #702121
*COUNSEL FOR Plaintiffs*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT....................................................................................1

RELEVANT FACTS...............................................................................................2

    Plaintiffs' Initial Lawsuit and Dismissal.............................................................2

    Plaintiffs' Pending Rule 59 Motion and Motion for Leave.................................4

    Defendants' Opposition to Plaintiffs' Motion Pursuant to Rule 59 and Motion for Leave.........................................................................................4

    The *Dobbs* Decision.......................................................................................6

    Plaintiffs' Immediate Response to *Dobbs*......................................................6

    Plaintiffs' Post-*Dobbs* PAC...........................................................................7

    Procedural Posture..........................................................................................7

ARGUMENT..........................................................................................................8

  I.    SUBSTITUION SERVES THE ENDS OF JUDICAL ECONOMY IN LIGHT OF THE WELL-FOUNDED PENDING MOTIONS PURSUANT TO RULE 59(e) AND 15(a)(2)................................................................8

  II.   SUBSTITUTION SERVES THE ENDS OF JUDICIAL ECONOMY IN LIGHT OF THE CONTEMPORANEOUSLY FILED RULE 60(B)MOTION, THE SEA-CHANGE IN THE LAW, AND NEW INFORMATION...............................................................................11

  III.  SUBSTITUTION IS APPROPRIATE BECAUSE COMPREHENSIVE LEGAL ANALYSIS IN THE CONTEXT OF MOTIONS TO DISMISS OR SUMMARY JUDGMENT ARE THE MORE APPROPRIATE FORUM TO ADDRESS DEFENDANTS' ABROGATED FUTILITY ARGUMENTS.................................................................................12

      a.  Substitution is Appropriate Because Viability and the Interests of the Unborn Must Be Re-examined in the Context of A Motion to Dismiss or a Motion for Summary Judgment..................................................14

      b.  Interests Must be Re-examined, As Addressed in the Post-*Dobbs* PAC.....16

**IV.    SUBSTITUTION IS APPROPRIATE BECAUSE DEFENDANTS SUFFER NO UNDUE PREJUDICE BY HAVING TO RESPOND TO THE MOST UP-TO-DATE PLEADING.**..................................................................................18

**V.    SUBSTITUTION IS APPROPRIATE BECAUSE PLAINTIFFS HAVE ACTED WITH EXTREME DILIGENCE IN RESPONSE TO SUBSTANTIAL CHANGES IN CONSTITUTIONAL LAW**..................................................................................................................19

**CONCLUSION**..................................................................................................................19

## PRELIMINARY STATEMENT

The Supreme Court's recent decision in *Dobbs v. Jackson Women's Health Organization* effected a sea-change in the realm of constitutional rights. 142 S. Ct. 2228 (2022).  Based on careful analysis of the history and tradition of state regulation of abortion and the original understanding of due process, the Court reversed a misinterpretation of the Fourteenth Amendment that required states to permit abortion throughout pregnancy.  This ruling has eviscerated the very grounds upon which New York's Reproductive Health Act – the subject of this lawsuit – was enacted. It also has necessitated a re-shaping of the contours of Plaintiffs' claims as set forth in their Proposed Amended Complaint ("PAC"), which is presently before this Court. The PAC is currently under consideration by this Court as part of Plaintiffs' Motion pursuant to Fed. R. Civ P. 59(e) to alter, amend or vacate this Court's October 26, 2021 Judgment and Motion for Leave to Amend pursuant to Fed. R. Civ. P. 15(a)(2). (Dkt. Nos. 61 and 61-4) While the PAC addressed all of the deficiencies the Court identified in Plaintiffs' now-dismissed initial Complaint, and Plaintiffs' Rules 59(e) and 15(a)(2) Motions remain pending, the instant Motion merely seeks to substitute the PAC with a proposed Amended Complaint that reflects the changed constitutional landscape after *Dobbs* ("Post-*Dobbs* PAC").

The substitution of the PAC with the Post-*Dobbs* PAC is appropriate, justified, and serves the important ends of judicial economy and justice. As demonstrated below, Plaintiffs' Rule 59(e) Motion is well-founded even without considering the important ruling in *Dobbs*. If this Court grants the Motions pursuant to Rule 59(e) and 15(a)(2), however, without allowing Plaintiffs the opportunity to revise their arguments in light of the constitutional shifts that have occurred, that decision would work an injustice to the parties, as well as frustrate the development of the law with respect to some of the most fundamental aspects of our existence: the rights to life, liberty,

redress, substantive due process, and equal protection under the United States Constitution. Moreover, Plaintiffs have filed contemporaneously herewith a well-founded motion pursuant to Rule 60(b)(1) or (6), which includes the same Post-*Dobbs* PAC. This Court may choose to grant relief under Rule 59(e) or 60(b), but either way this Court's leave to permit the Post-*Dobbs* PAC is justified and serves important interests.

Finally, Plaintiffs have never amended their initial complaint, nor have they delayed in seeking the relief requested in their Rule 59(e) or Rule 60(b) Motions. They have, however, proffered compelling reasons to grant relief under either Rule 59(e) or 60(b). To that end, they seek to have the most updated and accurate amended complaint, the Post-*Dobbs* PAC, be the operative complaint in this important litigation. A completely integrated and unsigned copy of the Post-*Dobbs* PAC is attached to the Affirmation of Christen Civiletto, Esq., dated 08/19/2022 ("Civiletto Post-*Dobbs* Aff.") as Exhibit B.

## **RELEVANT FACTS**

### **Plaintiffs' Initial Lawsuit and Dismissal**

The instant suit was filed against the State of New York and other defendants on January 12, 2021. Civiletto Post-*Dobbs* Aff., ¶4. (Dkt. No. 1) The case centers around New York State's infringement of the constitutional rights of pregnant women, medically-viable unborn children, and physicians. Civiletto Post-*Dobbs* Aff., ¶5. At the time this case was filed, Plaintiffs' rights to due process, equal protection, and redress were arguably circumscribed by the (now defunct) constitutional "right of the woman to choose to have an abortion before viability and to obtain it without undue interference from the State." *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 846 (1992), overruled by *Dobbs*, 142 S Ct 2228 (2022). Civiletto Post-*Dobbs* Aff.,

¶6. Plaintiffs therefore drafted their Complaint with due consideration of those then-existing constitutional boundaries. Civiletto Post-*Dobbs* Aff., ¶6.

Defendants filed a motion to dismiss pursuant to both Fed. R. Civ. P 12(b)(1) and (6). (Dkt. No. 35) On October 26, 2021, the Court granted Defendants' Motion with respect to all seven causes of action. (Dkt. No. 59 "Memorandum Decision") (Dkt. No. 60 "October 26 Judgment") Civiletto Post-*Dobbs* Aff., ¶7. The Court's stated grounds for the dismissal of Counts One, Two, Three, Four, and Seven are relevant for these Motions. Civiletto Post-*Dobbs* Aff., ¶7.

Counts One and Two were dismissed on the grounds that Plaintiffs Smith and Park failed to state a claim under the First and Fourteenth Amendments. (Dkt. No. 59, pp. 11-13) Civiletto Post-*Dobbs* Aff., ¶8. The Court held that Plaintiffs Smith and Park failed to allege that Defendants' actions fall under the ambit of the state-created danger exception or that "Defendants condoned violence against pregnant women." (Dkt. No. 59, pp. 12, 13)

Counts Three and Four were dismissed based on the Court's belief that Mary Doe lacks proper standing to pursue claims as "Next Friend" on behalf of the Viable Unborn Children Class because she did not allege a "significant relationship" with the members of the class she sought to represent. (Dkt. No. 59, pp. 16, 22, dismissing Counts Three and Four) (*See also* Dkt. No. 51 (Next Friend Order)); Civiletto Post-*Dobbs* Aff., ¶9.  The Court expressly reserved the issue of "whether such an appointment is allowed under Rule 17(c)(2)." Civiletto Post-*Dobbs* Aff., ¶9. In other words, the Court did not consider the fact that representation by counsel is sufficient for the prosecution of a case when the minors are represented by counsel, even in the absence of a guardian ad litem or next friend. (Dkt. No. 59) Civiletto Post-*Dobbs* Aff., ¶10. The Court subsequently dismissed all of the claims asserted on behalf of the Viable Unborn Children Class. Civiletto Post-*Dobbs* Aff., ¶10.

3

Count Seven was dismissed on standing grounds. (Dkt. No. 59, pp. 18-20) The Court determined that Dr. Moe lacked standing for her vagueness challenge because she failed to allege a concrete intention to violate the laws that would give rise to disciplinary actions or other adverse actions by the Defendants. (Dkt. No. 59, pp. 18-20) Civiletto Post-*Dobbs* Aff., ¶11.

### Plaintiffs' Pending Rule 59 Motion and Motion for Leave

Plaintiffs thereafter filed their Motion Alter, Amend, Reconsider, or Vacate Judgment Pursuant to Fed. R. Civ. P. 59(e) and Motion for Leave to Amend the Complaint pursuant to Rule 15(a)(2). Civiletto Post-*Dobbs* Aff., ¶12.  The PAC is included as exhibit 4 to Docket No. 61. *Id.* The PAC addressed all of the Court's concerns relating to Counts Three, Four, and Seven raised in its October 26, 2021 decision dismissing the original complaint.  Civiletto Post-*Dobbs* Aff., ¶14. In the interests of economy and convenience to the Court, Plaintiffs hereby incorporate their Motions pursuant to Rules 59(e) and 15(a)(2) (Dkt. No. 61).  The Rule 59(e) and 15(a)(2) Motions are well founded, which is relevant to the considerations raised in Sections I and III, below.

### Defendants' Opposition to Plaintiffs' Motion
### Pursuant to Rule 59 and Motion for Leave

Defendants filed their opposition to Plaintiffs' Motions pursuant to Rules 59(e) and 15(a)(2) on December 30, 2021 ("Defendants' Opposition"). (Dkt. No. 67) Defendants' arguments centered around their understanding of the constitutional interpretation in *Roe*, *Casey*, and *Doe v. Bolton*, all of which have now been overruled. They argued that Plaintiffs' Rule 59 Motion should be denied largely for two reasons: (1) "Plaintiffs have not articulated any change in controlling law, or the availability of new evidence not previously available" and (2) the PAC would be futile in light of Supreme Court precedent. Defendants' Opposition, pp. 11, 15-17.  (Dkt. No. 67) While

Plaintiffs adamantly deny that prior Supreme Court precedent barred their claims, after *Dobbs*, Defendants arguments now are clearly without foundation.

Defendants argue that this Court is without power to appoint a next friend as representative of viable unborn children. Defendants' Opposition, pp. 14-15.  (Dkt No. 67). They rely on three cases for support: *Benten v. Kessler*, *Roe v. Wade*, 410 U.S. at 158, and *Byrn v. N.Y.C Health & Hospitals Corp.,* 31 N.Y.2d 194, 201-203 (1972) (a case that involved the opposite of which Defendants cite it – the appointment of a guardian ad litem to represent unborn persons).  Even if Defendants were correct that the authority they cite stands for the propositions for which they cite them, which Plaintiffs vehemently deny, those cases do not stand as an obstacle to the present one, particularly after *Dobbs*.  *Roe* has been reversed.  *Benten* and *Byrn*, even if they are still good law, which Plaintiffs dispute, are expressly restricted to situations involving *previable* unborn children, and not viable unborn children, which are at issue here. *Benten*, No. CV-92-3161 (CPS), 1992 WL 266926, at *5 ("The present case concerns only pre-viable fetuses which possess no legally protectable interests"); *Byrn*, 31 N.Y.2d at 194, 286 N.E.2d 887 ("appointing plaintiff guardian ad litem of a class of unborn children of less than 24 weeks' gestation" [at the time considered pre-viable]). Moreover, both *Benten* and *Byrn* rely on the now-reversed *Roe* (district court decision) and *Doe v. Bolton* for core constitutional concepts.

Defendants' opposition arguments with respect to Drs. Moe and Lopez's claims in Count VII(a) and (b) likewise rely upon authority that is no longer valid after *Dobbs*. Defendants Opposition, pp. 18-19. (Dkt. 67). Defendants cite *Roe* and *Doe* for the definition of "viability" as an exception to abortion in support of their futility argument: Defendants Opposition, pp. 19-20. (Dkt. 67) Defendants' understanding of the "medical judgment" standard is taken directly from the now overturned *Doe v. Bolton*.

**The *Dobbs* Decision**

The *Dobbs* decision was issued on June 24, 2022. *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). In *Dobbs*, the Supreme Court held that access to abortion is not protected by any federal constitutional provision, including the Due Process Clause of the Fourteenth Amendment. *Dobbs*, 142 S. Ct. at 2242. The *Dobbs* decision overruled *Roe v. Wade*, 410 U.S. 113 (1973), *Planned Parenthood of Se. Penn. v. Casey*, 505 U.S. 833, 850 (1992), and *Doe v. Bolton*, 410 U.S. 179 (1973), the companion case to *Roe v. Wade* that interpreted a statutory reference to "health" as an exception to an abortion restriction, and concluded that the applicability of the exception was to be determined "in the light of all factors—physical, emotional, psychological, familial, and the woman's age—relevant to the well-being of the patient." *Doe v. Bolton*, 410 U.S. at 192, abrogated by *Dobbs*, 142 S. Ct. 2228.

**Plaintiffs' Immediate Response to *Dobbs***

The *Dobbs* decision had profound impacts on the constitutional landscape generally, as well as on constitutional matters implicated in this litigation. Plaintiffs immediately sought relief from this Court. Civiletto Post-*Dobbs* Aff., ¶¶17-24. On July 8, 2022, Plaintiffs made a letter request to the Court asking the Court to temporarily withhold ruling on Plaintiffs' Motions to Alter, Amend, Reconsider, or Vacate Judgment Pursuant to Fed. R. Civ. P. 59(e), and For Leave To Amend the Complaint while Plaintiffs evaluated the impact on their Motions of the recent ruling in *Dobbs v. Jackson Women's Health Organization*, 42 S. Ct. 2228 (2022). (Dkt. No. 74) On July 11, 2022, this Court granted Plaintiffs' letter request. (Dkt. No. 75) Plaintiffs filed their assessment on July 21, 2022, and requested leave to file a Rule 59 Motion or an amended pleading. (Dkt. No. 78). This Court granted that request for leave on July 22, 2022. (Dkt. No. 79) The instant motion

for substitution, as well as Plaintiffs' timely-filed Motions pursuant to Fed. R. Civ. P. 60(b)(1) or
(6) and Fed. R. Civ. P. 15(a)(2) comprise Plaintiffs' substantive requests to this Court in light of
the *Dobbs* decision. Civiletto Post-*Dobbs* Aff., ¶¶25-31.

### Plaintiffs' Post-*Dobbs* PAC

Plaintiffs seek to substitute the PAC with the Post-*Dobbs* PAC. Civiletto Post-*Dobbs* Aff.,
¶36. The Post-*Dobbs* PAC is a complete pleading, which will supersede the PAC in all respects,
as required by L.R. 15.1.  Civiletto Post-*Dobbs* Aff., ¶¶24,37. The Post-*Dobbs* PAC, as outlined
in more detail in Plaintiffs' contemporaneously filed Rule 60(b)(1) or (6) Motion, contains the
same general causes of action as the PAC, but augments them to include additional grounds upon
which relief may be granted. In summary, the post-*Dobbs* PAC: (1) incorporates revised and
additional claims to reflect the changed constitutional boundaries after *Dobbs*; (2) includes all of
the prior allegations and new parties from the previously filed and pending PAC that directly
addressed the Court's concerns with regard to the initial Complaint; and (3) incorporates relevant,
updated data and factual allegations relating to incidents of domestic violence in New York, all of
which were published after the filing of Plaintiffs' initial PAC. Civiletto Post-*Dobbs* Aff., ¶¶25-
31.

### Procedural Posture

Plaintiffs have never had the opportunity to amend their Complaint. Civiletto Post-*Dobbs*
Aff., ¶32.  Plaintiffs have not had the opportunity to meet with the Court and opposing counsel
pursuant to Rule 26. Civiletto Post-*Dobbs* Aff., ¶33.  Plaintiffs requested oral argument on their
Motions pursuant to Rule 59(e) and Rule 15, and that request was denied. Civiletto Post-*Dobbs*

Aff., ¶34; *see also* Text order dated 11/24/21 ("Plaintiffs also requested oral argument [on their Rule 59 Motion]. Id. The Motion will be decided on the submission of papers only.")  (Dkt 62)

On January 26, 2022, this Court granted Plaintiffs' letter motion (Dkt. 70) to substitute the proposed Amended Complaint (Dkt. 61-4) with a clean version to correct clerical errors. (Dkt. 71). The substitution did not contain substantive changes, but rather addressed spacing and clerical issues. Civiletto Post-*Dobbs* Aff., ¶35. The PAC comprising Dkt. 61-4 is the specific pleading that Plaintiffs seek to replace with the Post-*Dobbs* PAC. Civiletto Post-*Dobbs* Aff., ¶36.


**ARGUMENT**

Plaintiffs should be permitted to substitute the PAC with the Post-*Dobbs* PAC because the constitutional boundaries around which Plaintiffs drafted their original Complaint and PAC have changed as a result of the Supreme Court's ruling in *Dobbs*.  Plaintiffs outline the specific ways in which the changed constitutional landscape has impacted the current litigation in their contemporaneously filed Motion for Relief Pursuant to Rule 60(b)(1) or (2). Plaintiffs incorporate that Memorandum here. Those arguments are relevant to this request because they highlight the reasons why the substitution of the PAC with the Post-*Dobbs* PAC is essential and why substitution would therefore serve the ends of justice and judicial efficiency. With those considerations in mind, Plaintiffs offer the following additional reasons why the Court should permit the substitution of the PAC with the Post-*Dobbs* PAC.

I.   **SUBSTITUION SERVES THE ENDS OF JUDICAL ECONOMY IN LIGHT OF THE WELL-FOUNDED PENDING MOTIONS PURSUANT TO RULE 59(e) AND 15(a)(2).**

Plaintiffs' pending Motions pursuant to Rules 59(e) and 15(a)(2) are well-founded, particularly in light of *Dobbs*, and if the Court therefore grants those Motions, substitution will serve the ends of judicial economy because this case will be centered upon the most comprehensive and constitutionally accurate pleading. Without reiterating the arguments set forth in their Motions pursuant to Rule 59(e) and 15(a)(2), Plaintiffs highlight the compelling grounds for their Motions: Second Circuit and Supreme Court authority, including the *Williams*, *Mirkin*, *Metzler*, and *Fomen* cases cited in their Memorandum all stand for the propositions that a plaintiff seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b), that due regard should be given to the liberal spirit of Rule 15, and that leave should be freely given, especially for a first request, unless "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (lower court abused its discretion in refusing to permit plaintiff to amend the complaint); *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212-14 (2d Cir. 2011) (reversing district court's refusal to grant post-judgment relief and leave to file amended complaint), *Mirkin v. XOOM Energy*, LLC, 931 F.3d 173, 177-78 (2d Cir. 2019) (reversing district court's refusal to grant post-judgment relief and leave to file amended complaint); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Here, those considerations all weigh heavily in Plaintiffs' favor.  As noted therein, this case is early in the proceedings, Plaintiffs have never been given the opportunity to amend their original Complaint, and none of the grounds traditionally used to deny such a request -- futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously

allowed, or undue prejudice to the non-moving party – are present.  *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir.2008); *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010) (holding district court erred in dismissing complaint without leave to amend). (Dkt. 61-1, *see, e.g.* pp. 18-19) The proposed PAC squarely addressed the Court's perceived deficiencies with the original Complaint, and added additional parties and allegations that track the Court's concerns. *Williams*, 659 F.3d at 213 ("it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment."). Civiletto Post-*Dobbs* Aff., ¶14. The Post-*Dobbs* PAC builds on the PAC, and includes all of those allegations, addresses the same deficiencies, and also incorporates the new constitutional realities in light of *Dobbs*.  Civiletto Post-Dobbs Aff., ¶¶25-31. Plaintiffs' grounds for their Rule 59(e) Motion and Motion for Leave to Amend are particularly strong in light of *Dobbs*.  All of the Defendants' opposition arguments relating to futility, as discussed in Section II, below, now clearly fail.

Since Plaintiffs' Motions pursuant to Rules 59(e) and 15(a)(2) are strong, and likely to be granted, the substitution of the PAC with the Post-*Dobbs* PAC serves the important ends of judicial economy and justice.  The Court will have before it a complaint that reflects the new constitutional realities after *Dobbs*.  This substitution would provide the Court with an up-to-date pleading that is consistent with the change in the law, and would also incorporate all of the additions necessitated by the Court's earlier concerns in its Memorandum and Decision dated October 26, 2021.

Substitution serves the ends of judicial economy in another sense. Since the Post-*Dobbs* PAC contains the same causes of action as does the PAC, if leave to substitute is denied, the Court will ultimately have to rule on issues relating to futility twice: once in the context of the Rule 59(e) Motion with the PAC, and then again in connection with the Rule 60(b) Motion and its updated

and integrated Post-*Dobbs* PAC. *See, e.g. Livingston v. Trustco Bank, No. 120CV1030GTSDJS*, 2021 WL 6199655, at \*2 (N.D.N.Y. Apr. 23, 2021) (making an analogous argument in the context of a Motion to Amend, and stating: "Were leave to amend denied - on the basis of the futility of the amendment - the Court would be opining on [those claims] twice: once now in resolution of the motion to amend" and then again when Defendants would presumably seek dismissal or summary judgment regarding the original claims). It serves the ends of judicial efficiency to have the same operative complaint as the subject of both the Motions pursuant to Rule 59(e) and 60(b).

Similarly, if the Court grants Plaintiffs' Motions pursuant to Rules 59(e) and 15(a)(2), but does not permit the substitution of the PAC with the Post-*Dobbs* PAC, then the Court will be ruling on anticipated motions to dismiss or for summary judgment that would be based on legal arguments that no longer exist. It would be an exercise in futility and a waste of this Court's judicial resources to grant the well-founded Motions pursuant to Rule 59(e) and 15(a)(2), but deny plaintiffs the opportunity to substitute their Post-*Dobbs* PAC. Moreover, any appeal of those potential rulings by Plaintiffs or Defendants would have to account for the historic change in the law as well.

In the event this Court grants Plaintiffs' Rule 59(e) Motion and Motion to Amend, it is better and more efficient for the Court to permit the Post-*Dobbs* PAC, which is the most up-to-date, constitutionally consistent pleading. This Court should permit the substitution of the PAC with the Post-*Dobbs* PAC.

## II.     SUBSTITUTION SERVES THE ENDS OF JUDICIAL ECONOMY IN LIGHT OF THE CONTEMPORANEOUSLY FILED RULE 60(B)MOTION, THE SEA-CHANGE IN THE LAW, AND NEW INFORMATION.

Plaintiffs have also filed well-founded motions pursuant to Rule 60(b)(1) and (6) and Rule 15(a)(2), and thus, if that relief is granted, the Post-*Dobbs* PAC should be made the operative complaint in this action, and substitution is appropriate.  Under Rule 60(b), a Court may "relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Grounds for relief include, inter alia, a change in the law, along with other facts. Rule 60(b) also contains a catch-all provision for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). Plaintiffs hereby incorporate their Motions and the arguments therein. As discussed in detail there, relief from the October 26 Judgment and leave to file the Post-Dobbs PAC are justified under the extraordinary circumstances presented here. The constitutional landscape that circumscribed the rights articulated in the original Complaint and the PAC have dramatically changed. Granting the relief sought therein would prevent a manifest injustice to Plaintiffs, and would also serve the interests of judicial economy.

If the Court grants the relief, both parties will have the opportunity to comprehensively brief these important matters in the context of a motion to dismiss or a motion for summary judgment, instead of in the context of a Rule 60(b) motion for relief from a judgment.

Leave to file the Post-Dobbs PAC is also justified under Second Circuit authority because there is no evidence for a finding of "undue delay, bad faith or dilatory motive" on the part of Plaintiffs that might prevent the grant of leave, nor would Defendants suffer any undue prejudice if this Court chose to give Plaintiffs that opportunity. Civiletto Post-*Dobbs* Aff., ¶¶38,39. Accordingly, the Post-*Dobbs* PAC is authorized under the grant of relief pursuant to Rules 59(e)

or 60(b), but either way substitution of the Rule 59(e)'s PAC with the Post-*Dobbs* PAC is appropriate.

### III.   SUBSTITUTION IS APPROPRIATE BECAUSE COMPREHENSIVE LEGAL ANALYSIS IN THE CONTEXT OF MOTIONS TO DISMISS OR SUMMARY JUDGMENT ARE THE MORE APPROPRIATE FORUM TO ADDRESS DEFENDANTS' ABROGATED FUTILITY ARGUMENTS.

Substitution of the PAC with the Post-*Dobbs* PAC is also appropriate because Defendants have raised substantive arguments in their Opposition to the Rule 59(e) Motion that are no longer valid, and in any event are more appropriately addressed in full in the context of a motion to dismiss or a motion for summary judgment. *See Horowitz v. Stryker Orthopaedics, Inc.*, 2008 WL 11447943, at *2 (E.D.N.Y. Aug. 26, 2008) (permitting amendment in order to decide futility of claims on dispositive motion rather than motion to amend); *see also Liang v. Home Reno Concepts LLC*, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018); *Livingston* 2021 WL 6199655, at *2. In *Livingston*, this Court noted that "[i]t is a far better conservation of judicial and party resources to permit the amendment, declare the [ ] Amended Complaint as the operative complaint, and then let any order on a motion to dismiss determine the facial validity of the [ ] claim[s]." *Livingston v. Trustco Bank, No. 120CV1030GTSDJS*, 2021 WL 6199655, at *2 (N.D.N.Y. Apr. 23, 2021), *citing Liang v. Home Reno Concepts LLC*, 2018 WL 1401801 at *3.

Plaintiffs' Motions pursuant to Rule 59(e) and Rule 15(a)(2) sets forth compelling grounds for relief. In response, Defendants' Opposition offers extensive argument relating to the futility of each of the causes of action asserted by Plaintiffs in the PAC. For each of those arguments, Defendants rely extensively upon *Roe*, *Casey*, *Byrn*, and *Doe v. Bolton*. Those cases underlie virtually all of Defendants' defense in this case; indeed, citations to them appear throughout their briefing, including throughout their presumably foundational "Legal Background." The Legal

Background section relies upon the very principles that *Dobbs* has repudiated. (Dkt. No. 35-1, p. 2) In reply, Plaintiffs refute the application of those principles, and demonstrate that the PAC is not futile.

Virtually all of Defendants' arguments in opposition to the Rule 59(e) Motion have changed in light of *Dobbs*. These new constitutional boundaries should be fully and completely addressed in the context of a motion to dismiss, and not a motion for leave to amend. "[T]he fact that futility may sometimes constitute a reason for denial of a motion to amend is not a general invitation to explore the merits of novel proposed claims or to raise defenses that require analysis of matters outside the pleadings. The futility defense to a motion to amend is not, in short, a substitute for a motion to dismiss or a motion for summary judgment." *Livingston*, 120CV1030GTSDJS, 2021 WL 6199655, at *2–3, *citing Tissue Prod. Tech. Corp. v. Factory Mut. Ins. Co.*, 2008 WL 11345876, at *1 (E.D. Wis. Aug. 21, 2008); *see also Baldwin Rsch. Inst., Inc. v. St. Jude Thaddeus, Inc., No. 608CV338DNHGJD*, 2008 WL 11355100, at *3 (N.D.N.Y. Oct. 29, 2008) ("…when the amendments raise colorable claims, particularly when they involve disputed facts, they should be allowed, and a more comprehensive analysis deferred for a motion to dismiss or for summary judgment."). Full and robust analysis is particularly important in light of the significant fundamental First and Fourteenth Amendment rights that Plaintiffs are asserting in this litigation.

Plaintiffs, below, offer three examples of jurisprudence where full briefing in the context of a motion to dismiss or motion for summary judgment is necessary in light of *Dobbs* and the futility arguments raised by Defendants.

      a.    **Substitution is Appropriate Because Viability and the Interests of the Unborn Must Be Re-examined in the Context of A Motion to Dismiss or a Motion for Summary Judgment**.

Substitution of the PAC with the Post-*Dobbs* PAC is appropriate because the interests of the unborn must be re-examined, analyzed, and fully briefed outside of the context of Motions pursuant to Rules 59(e) or 15(a)(2) after the historic decision in *Dobbs*. Plaintiffs initially filed this case seeking judicial recognition of rights for unborn children that accrued where the now-extinguished right to an abortion ended: the point of viability, as articulated by *Casey*, 505 U.S. at 878, overruled by *Dobbs*, 142 S. Ct. 2228 (2022). Until *Dobbs*, viability was an accepted delineation for constitutional rights purposes. In the *Dobbs* decision, however, the Supreme Court criticized *Roe v. Wade's* viability line (which did not account for medical advancement) because neither *Roe* nor *Casey* offered any detailed explanation of the significance of viability. *Dobbs*, 142 S. Ct. at 2238. In their Post-*Dobbs* PAC, consistent with the demands of the *Dobbs* majority, Plaintiffs highlight the bases for their viability arguments. Civiletto Post-*Dobbs* Aff., ¶¶30, 31.

Moreover, Plaintiffs incorporate the Supreme Court's acknowledgement that the judicial consideration of cases involving the unborn are different than other fundamental rights cases. The majority in *Dobbs* emphasizes that the presence of a developing life is a consideration that sets apart all cases involving prenatal life. *Dobbs*, 142 S. Ct. 2228, 2236–37, and 2243. "The exercise of the rights at issue in *Griswold*, *Eisenstadt*, *Lawrence*, and *Obergefell* does not destroy a 'potential life,' but an abortion has that effect. So, if the rights at issue in those cases are fundamentally the same as the right recognized in Roe and Casey, the implication is clear: The Constitution does not permit the States to regard the destruction of a "potential life" as a matter of any significance." *Id*. at 2261. The recognition that there is something different about cases involving an unborn human being must be explored in this case, particularly since it is partially about the recognition of rights for the medically-viable unborn children. For that reason alone the Post-*Dobbs* PAC should be considered the operative complaint.

In Defendants' Opposition, Defendant relies upon the now-overruled *Roe v. Wade* and its progeny to argue that Plaintiffs' PAC is futile. (Dkt. No. 35) As noted by the Supreme Court in *Dobbs*, *Roe v. Wade* conceded that if, as Texas and amici argued, "…the fetus is a 'person' within the language and meaning of the Fourteenth Amendment … the appellant's case, of course, collapses, for the fetus' right to life would then be guaranteed specifically by the Amendment." *Roe v. Wade*, 410 U.S. at 156–57. The Court then stated, in dicta, that "the word 'person,' as used in the Fourteenth Amendment, does not include the unborn." *Roe v. Wade*, 410 U.S. at 158. This pronouncement is no longer the law. Defendants not only cite this particular portion of *Roe v. Wade*, (Dkt. No. 35-1 at p. 4), but also used this argument as the principle reason that Plaintiffs' Counts III and IV should be dismissed and also why the PAC is allegedly futile. *Id*. Defendants, citing *Roe v. Wade*, write: "… with the exception of criminal abortion statutes, 'the law has been reluctant to endorse any theory that life, as we recognize it, begins before live birth or to accord legal rights to the unborn except in narrowly defined situations and except when the rights are contingent upon live birth.'" *Id*, *citing Roe*, 410 U.S. at 161.

These arguments speak to the most foundational precepts that the law will ever address: are viable human beings human beings within the context of the Fourteenth Amendment? After *Dobbs*, these arguments must be comprehensively briefed in the context of a motion to dismiss or a motion for summary judgment, and not in the more limited context of Motions pursuant to Rules 59(e) or 60(b), or even Motions pursuant to Rule 15(a)(2) for Leave to Amend.  It is better to permit the substitution, grant leave to amend, and allow Defendants to subsequently move for relief through a dispositive motion. *Livingston,* 2021 WL 6199655, at *2–3; *see also Baldwin Rsch. Inst., Inc. v. St. Jude Thaddeus, Inc., No. 608CV338DNHGJD*, 2008 WL 11355100, at *3 (N.D.N.Y. Oct. 29, 2008) ("…when the amendments raise colorable claims, particularly when they involve

disputed facts, they should be allowed, and a more comprehensive analysis deferred for a motion to dismiss or for summary judgment."); *Horowitz*, 2008 WL 11447943, at *2 (permitting amendment in order to decide futility of claims on dispositive motion rather than motion to amend. Accordingly, substitution of the PAC with the comprehensive Post-*Dobbs* PAC should be permitted.

        **b.**        **Interests Must be Re-examined, As Addressed in the Post-*Dobbs* PAC**.

Similarly, Plaintiffs' arguments relating to compelling state interests should be addressed in the context of a motion to dismiss or a motion for summary judgment, and not in Rule 59(e) or 60(b) motions to vacate. *See, e.g., Horowitz*, 2008 WL 11447943, at *2 (permitting amendment in order to decide futility of claims on dispositive motion rather than motion to amend). The *Dobbs* court identified multiple state interests supporting greater protection of pregnant women, unborn children, and the medical profession. The *Dobbs* majority explicitly identified "respect for and preservation of prenatal life at all stages of development," "the protection of maternal health and safety," and "the preservation of the integrity of the medical profession" as legitimate state interests. *Dobbs*, 142 S. Ct. at 2284. While Plaintiffs have alleged and argued that New York has failed to consider its compelling interest in protecting the developing fetus, the *Dobbs* opinion requires further briefing of the state interests to this case, which should be done in the context of a motion to dismiss or for summary judgment, after substitution is permitted. *Horowitz*, 2008 WL 11447943, at *2.

        **c.**        **Definitions of "health" And Related Terms Must Be Re-examined**.

In light of *Dobbs*, Defendants' arguments in their Opposition have raised equally tenuous arguments relating to the definition of "health" and related terms. These foundational differences regarding the important subject of viability and the definition of "health" are an additional reasons

that support substitution of the PAC with the Post-*Dobbs* PAC. These disputes are among the most important because they deal with the protection of human beings, both mothers and the viable unborn children, and full briefing is needed on these issues in light of *Dobbs*.

Defendants have the same problem with respect to Count VII(a) and (b). Although the specific context is different, Defendants' argument again rests upon futility and failure to state a claim relying upon *Roe* and *Doe*, both overruled in *Dobbs*.

With the substitution, Defendants can make their arguments based on the actual state of the law, and not overturned precedent. Moreover, if the Court ultimately grants leave to amend and permits the Post-*Dobbs* PAC, then Defendants will have the opportunity to move to dismiss or file a summary judgment motion on causes of action that reflect the actual state of the law, which is a more appropriate context for arguments of this magnitude. *Livingston*, 2021 WL 6199655, at *2 ("When amendments raise colorable claims, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment."); *see also Goston v. Potter*, 2010 WL 4774238, at *5 (N.D.N.Y. Sept. 21, 2010), *report and recommendation adopted*, 2010 WL 4736261 (N.D.N.Y. Nov. 16, 2010) (citing cases); *see also WIXT Television, Inc. v. Meredith Corp.*, 506 F. Supp. 1003, 1010 (N.D.N.Y. 1980) (permitting amendment given that dispute regarding merits of claim "can best be considered in the context of the motions to dismiss and for summary judgment.").

IV.     **SUBSTITUTION IS APPROPRIATE BECAUSE DEFENDANTS SUFFER NO UNDUE PREJUDICE BY HAVING TO RESPOND TO THE MOST UP-TO-DATE PLEADING IN LIGHT OF THE SEA- CHANGE IN THE LAW.**

Defendants would suffer no undue prejudice if this Court allows Plaintiffs to substitute the PAC with the Post-*Dobbs* PAC. Indeed, the opposite is true. As discussed above in Section III,

Defendants have opposed Plaintiffs' Motions pursuant to Rule 59(e) and 15(a)(2) on the grounds of futility. Virtually all of Defendants' arguments as raised in their Motion to Dismiss and throughout their Opposition to Plaintiffs' Rule 59(e) and Motion for Leave (Dkt. 67) rely upon law that has now been repudiated by the Supreme Court. Defendants will no doubt welcome the opportunity to find other bases to oppose the relief sought by Plaintiffs.

There is also no possibility of prejudice by allowing the Post-*Dobbs* PAC because Defendants are well familiar with the substance of the causes of action, and certainly with the language and import of the *Dobbs* decision. Defendant New York Attorney General Letitia James joined an Amicus Brief in *Dobbs* and has issued numerous statements. Civiletto Post-*Dobbs* Aff., ¶¶38-39;   https://ag.ny.gov/press-release/2022/attorney-general-james-joins-national-coalition-attorneys-general-reaffirm   and   https://www.supremecourt.gov/DocketPDF/19/19-1392/192963/20210920135240540_19-1392%20Amicus%20Brief.pdf

Finally, when faced with a proposed amended complaint that reflects the current state of the law, Defendants may choose to settle these claims in light of the significant change in the constitutional landscape. Under any scenario, Defendants benefit from this Court permitting the substitution of the PAC with the Post-*Dobbs* PAC.

## V.   SUBSTITUTION IS APPROPRIATE BECAUSE PLAINTIFFS HAVE ACTED WITH EXTREME DILIGENCE IN RESPONSE TO SUBSTANTIAL CHANGES IN CONSTITUTIONAL LAW.

The *Dobbs* decision was issued on June 24, 2022. Within fourteen days, Plaintiffs sought relief from this Court by asking the Court to withhold ruling on their pending Motions pursuant to Rules 59(e) and 15(a)(2) while Plaintiffs evaluated the impact on their Motions of the recent ruling in *Dobbs*.  Plaintiffs filed their assessment on July 21, 2022, and the instant Motion and the

contemporaneously filed Motion Pursuant to Rule 60(b)(1) or (6) are the result. Plaintiffs moved with great deliberation and speed in response to the *Dobbs* ruling. They have not delayed this action or their responses, but rather have acted in as expeditious and thorough a manner as possible. The substitution of the PAC with the Post-*Dobbs* PAC is an essential aspect of that response. The Post-*Dobbs* PAC represents Plaintiffs' earnest efforts to put the most up to date and legally-compliant Complaint before the Court. Substitution is not barred by Plaintiffs' actions or lack of action.

## CONCLUSION

The Supreme Court's decision in the *Dobbs* case has undermined the very grounds upon which New York's Reproductive Health Act was enacted. The *Dobbs* decision re-shapes the contours of Plaintiffs' claims in ways both large and small. Plaintiffs have previously proffered compelling grounds upon which to vacate this Court's Order dismissing the case, and to grant leave to Amend, and have also filed a well-founded Rule 60(b) Motion. This Motion to Substitute seeks to replace the pending PAC with the Post-*Dobbs* PAC. Doing so will allow the Plaintiffs to present their case in the most up to date, inclusive, and constitutionally sound basis possible. The Post-*Dobbs* PAC should therefore be made the operative complaint in this important litigation. To rule on the pending Rule 59(e) and Rule 15(a)(2) Motions without allowing Plaintiffs the opportunity to revise their arguments in light of the dramatic constitutional shift that has occurred would work an injustice to the parties as well as the development of the law with respect to some of the most fundamental aspects of the rights to life, liberty, redress, substantive due process, and equal protection under the United States Constitution.

Respectfully submitted this 19th day of August 2022.


Teresa S. Collett, Esquire
3195 Red Oak Drive
Eagan, MN 55121
Telephone: (651) 271-2958
Email: Teresa.S.Collet@gmail.com
N.D.N.Y. Atty. Bar Roll #702425
*COUNSEL FOR Plaintiffs*


Christen Elizabeth Civiletto, Esquire
8313 West Point Drive
East Amherst, New York 14051
Telephone: (716) 713-2431
Email: christenciviletto@gmail.com
N.D.N.Y. Atty. Bar Roll #702121
*COUNSEL FOR Plaintiffs*