UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JANE SMITH, JILL PARK, MARY
DOE, ANN JONES, and DR. AMY
MOE,

Plaintiffs,

      -against-

KATHY HOCHUL, as Governor of
the State of New York in her official
capacity; LETITIA JAMES, *et al*...;

Defendants.

_____

21-CV-0035

(LEK/ATB)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTIONS FOR RELIEF FROM A JUDGMENT PURSUANT TO RULE 60(b)(1) or (6), AND FOR LEAVE TO AMEND THE COMPLAINT PURSUANT TO RULE 15(a)(2)**

Teresa S. Collett, Esq.
3195 Red Oak Drive
Eagan, MN 55121
Telephone: (651) 271-2958
Email: Teresa.S.Collett@gmail.com
N.D.N.Y. Atty. Bar Roll # 702425

*COUNSEL FOR PLAINTIFFS*

Christen Elizabeth Civiletto, Esq.
8313 West Point Drive
East Amherst, N.Y.  14051
Telephone: (716) 713-2431
Email: christenciviletto@gmail.com
N.D.N.Y. Atty. Bar Roll # 702121

*COUNSEL FOR PLAINTIFFS*

August 19, 2022

# TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................................1

RELEVANT FACTS................................................... ..................................2

    Plaintiffs' Initial Lawsuit and Dismissal.........................................................2

    Plaintiffs' Pending Rule 59 Motion and Motion for Leave...............................4

    The Intervening *Dobbs* Decision.....................................................................5

    The Post-*Dobbs* PAC.....................................................................................5

    Plaintiffs' Immediate Response to *Dobbs*......................................................7

    Procedural Posture...........................................................................................7

ARGUMENT..................................................................................................8

    I.     EXTRAORDINARY CIRCUMSTANCES JUSTIFY RELIEF UNDER FED. R. CIV. P. 60(b)(1) OR (6)..................................................................8

        a.  Intervening Changes in Law Plus Other Factors are Extraordinary Circumstances Justifying Relief from Dismissal Pursuant to Rule 60(b)(6)................................................................................................9

            1.  Extraordinary Circumstances Exist Because *Dobbs* has Eviscerated the Constitutional Framework for the Challenged Statute. ..............................................................................11

            2.  Extraordinary Circumstances Exist Because The Specific Constitutional Boundaries Around Which Plaintiffs Initially Fashioned Their Case Have Changed...............................13

            3.  The Public Interest Is Served by Granting the Requested Relief.15

        b.  Alternatively, An Error of Law and Very Special Facts Justify Relief Pursuant to Rule 60(b)(1). ...............................................................15

            1.  The Representation of Minors by Guardian ad Litem or Next Friend is Not Required for Claims of Minors to Proceed..............................................................................16

            2.  This Case Presents Extraordinary Facts That Justify Vacation..18

**II.    THIS COURT SHOULD GRANT LEAVE PURSUANT TO RULE 15(a)(2) TO FILE THE POST-*DOBBS* PAC**......................................................................**19**

    **a.   It Would Be a Manifest Injustice to Deny Leave Where New Dimensions of Constitutional Rights are Now Available**.................................................**20**

    **b.   Leave Is Appropriate Because There has been No Delay or Bad Faith, and There is No Undue Prejudice to the Defendants**..................................**21**

    **c.   Leave Is Justified Because the Post-*Dobbs* PAC is Not Futile**...................**22**

**CONCLUSION**....................................................................................................................**23**

## PRELIMINARY STATEMENT

This lawsuit is a multi-tiered challenge to New York's Reproductive Health Act ("RHA"). It centers around constitutional and human rights, the escalation of violence against women and their medically-viable unborn children, and the professional threat to New York's physicians resulting from a vague and unclear law. (Dkt. No. 1) This Court dismissed Plaintiffs' Complaint on October 26, 2021 ("October 26 Judgment") (Dkt. No. 60) upon Defendants' motion to dismiss. In the months since that time, the Supreme Court decided *Dobbs v. Jackson Women's Health Organization*, dramatically changing the constitutional landscape surrounding this case, and undermining the very grounds upon which New York's RHA was enacted. 142 S. Ct. 2228 (2022). In *Dobbs*, the Supreme Court held that there is no right to an abortion protected by any federal constitutional provision, including the Due Process Clause of the Fourteenth Amendment. *Dobbs*, 142 S. Ct. at 2242. The *Dobbs* decision overruled *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 850 (1992). It also abrogated *Doe v. Bolton*, 410 U.S. 179, 93 S. Ct. 739, 747, 35 L.Ed.2d 201 (1973), a companion case to *Roe v. Wade*, that broadly interpreted a statutory reference to "health" as an exception to an abortion restriction, which is a primary issue in this case.

The *Dobbs* decision re-shapes the contours of Plaintiffs' claims in numerous ways. Accordingly, Plaintiffs (1) Jane Smith, on behalf of herself and the Women Lacking Recourse Class; (2) Jill Park, on behalf of herself and the Violence Against Women Class and the Women Lacking Recourse Class; (3) Mary Doe, as next friend or guardian ad litem for the Medically-Viable Unborn Children Class; (4) Medically-Viable Unborn Children Class, on behalf of themselves, through their undersigned attorneys; and (5) Dr. Amy Moe, on behalf of herself and the Physician Class submit this memorandum in support of their motions pursuant to Fed. R. Civ

P. 60(b)(1) or (6) for relief from the October 26 Judgment (Dkt. No. 60), and for leave to file an integrated, updated and amended complaint ("Post-*Dobbs* PAC") pursuant to Fed. R. Civ. P. 15(a)(2) and controlling Second Circuit authority.

Relief from the October 26 Judgment and leave to file the Post-*Dobbs* PAC are justified under the extraordinary circumstances presented here. The constitutional landscape that circumscribed the rights articulated in the original Complaint and the PAC has changed. Granting the relief sought herein would prevent a manifest injustice to Plaintiffs, and would also serve the interests of judicial economy. If the Court grants the relief, both Plaintiffs and Defendants will have the opportunity to comprehensively brief these important matters in the context of a motion to dismiss or a motion for summary judgment, instead of in the context of a Rule 60(b) motion for relief from a judgment. Leave to file the Post-*Dobbs* PAC is also justified under Second Circuit authority because there is no evidence for a finding of "undue delay, bad faith or dilatory motive" on the part of Plaintiffs that might prevent granting leave, nor would Defendants suffer any undue prejudice if this Court grants Plaintiffs that opportunity. Indeed, the opposite is true with respect to prejudice: Defendants will have an opportunity to amend its defenses of "futility" raised in their Opposition to Plaintiffs' pending Rule 59(e) Motion, to account for the *Dobbs* opinion. An unsigned copy of the Post-*Dobbs* PAC is attached to the affidavit of Christen Civiletto, Esq., dated August 19 2022 ("Civiletto Post-*Dobbs* Aff."), as Exhibit B.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### Plaintiffs' Initial Lawsuit and Dismissal.

This case centers around New York State's violation of the constitutional rights of pregnant women, medically-viable unborn children, and physicians. Civiletto Post-*Dobbs* Aff., ¶5. The Complaint was filed against the State of New York and other defendants on January 12, 2021.

Civiletto Post-*Dobbs* Aff., ¶ 5. (Dkt. No. 1) At the time this case was filed, Plaintiffs' rights to due process, equal protection, and redress were arguably circumscribed by the (now defunct) constitutional "right of the woman to choose to have an abortion before viability and to obtain it without undue interference from the State." *Casey*, 505 U.S. at 846, overruled by *Dobbs*, 142 S Ct 2228. Civiletto Post-Dobbs Aff., ¶¶3-6. Plaintiffs therefore drafted their Complaint with due consideration of those then-existing constitutional boundaries. Civiletto Post-*Dobbs* Aff., ¶6. The Complaint contains seven causes of action. (Dkt. No. 1)

Defendants filed a motion to dismiss pursuant to both Fed. R. Civ. P 12(b)(1) and (6). (Dkt. No. 35) On October 26, 2021, the Court granted Defendants' Motion with respect to all seven causes of action. (Dkt. No. 59 "Memorandum Decision") (Dkt. No. 60 "October 26 Judgment") The Court's stated grounds for the dismissal of Counts One, Two, Three, Four, and Seven are relevant for these Motions because the Post-*Dobbs* PAC addresses all of the Court's stated concerns with the Complaint.

Counts One and Two were dismissed on the grounds that Plaintiffs Smith and Park failed to state a claim under the First and Fourteenth Amendments. (Dkt. No. 59, pp. 11-13) The Court held that Plaintiffs Smith and Park failed to allege that Defendants' actions fall under the ambit of the state-created danger exception or that "Defendants condoned violence against pregnant women." (Dkt. No. 59, pp. 12, 13) Civiletto Post-Dobbs Aff., ¶8

Counts Three and Four were dismissed based on the Court's ruling that Mary Doe lacks proper standing to pursue claims as "Next Friend" on behalf of the Medically-Viable Unborn Children Class because she did not allege a "significant relationship" with the members of the class she sought to represent. (Dkt. No. 59, pp. 16, 22, dismissing Counts Three and Four) (See also, Dkt. No. 51 (Next Friend Order)); Civiletto Post-*Dobbs* Aff., ¶9.  The Court expressly

reserved the issue of "whether such an appointment is allowed under Rule 17(c)(2)." Civiletto Post-*Dobbs* Aff., ¶10. In other words, the Court did not rule on the fact that representation by counsel is sufficient for the prosecution of a case when the minors are represented by counsel, even in the absence of a guardian ad litem or next friend. (Dkt. No. 59) The Court subsequently dismissed all of the claims Mary Doe asserts on behalf of the Medically-Viable Unborn Children Class. Civiletto Post-*Dobbs* Aff., ¶ 10.

Count Seven was dismissed on standing grounds. (Dkt. No. 59, pp. 18-20) The Court determined that Dr. Moe lacked standing for her vagueness challenge because she failed to allege a concrete intention to violate the laws that would give rise to disciplinary actions or other adverse actions by the Defendants. (Dkt. No. 59, pp. 18-20) Civiletto Post-*Dobbs* Aff., ¶11.

**Plaintiffs' Pending Rule 59 Motion and Motion for Leave**.

Plaintiffs thereafter filed a Motion to Alter, Amend, Reconsider, or Vacate Judgment Pursuant to Fed. R. Civ. P. 59(e) and Motion for Leave to Amend the Complaint pursuant to Rule 15(a)(2). (Dkt. No. 61) Plaintiffs included the PAC as Exhibit 4 to Docket No. 61. The PAC, which was filed before *Dobbs* was issued, addressed all of the Court's concerns raised in its October 26, 2021 decision with respect to Counts Three, Four, and Seven. The PAC did not address Counts One and Two, nor did it incorporate changes necessitated as a result of the *Dobbs* decision. Plaintiffs' Motions pursuant to Rules 59(e) and 15(a)(2) remain pending, but Plaintiffs have simultaneously with this motion moved to substitute Exhibit 4's PAC with the updated Post-*Dobbs* PAC attached to the Civiletto Affidavit. Civiletto Post-*Dobbs* Aff., ¶15.

**The Intervening *Dobbs* Decision.**

The *Dobbs* decision was issued on June 24, 2022. In *Dobbs*, the Supreme Court held that access to abortion is not protected by any federal constitutional provision, including the Due

Process Clause of the Fourteenth Amendment. *Dobbs*, 142 S. Ct. at 2242. *Dobbs* overruled *Roe v. Wade*, 410 U.S. 113 (1973), *Planned Parenthood of Se. Penn. v. Casey*, 505 U.S. 833, 850 (1992), and *Doe v. Bolton*, 410 U.S. 179 (1973), the companion case to *Roe v. Wade* that interpreted a statutory reference to "health" as an exception to an abortion restriction, and concluded that the applicability of the exception was to be determined "in the light of all factors—physical, emotional, psychological, familial, and the woman's age—relevant to the well-being of the patient." *Doe v. Bolton*, 410 U.S. at 192, abrogated by *Dobbs*, 142 S. Ct. 2228.

### The Post-*Dobbs* PAC

The Post-*Dobbs* PAC addresses all of the Court's concerns raised in its order that accompanied the October 26 Judgment. (Dkt. No. 59)  It includes all of the amendments, parties, and revisions that were included in the PAC, as well as new allegations, and incorporates all of the changes necessitated by the historic *Dobbs* decision. Civiletto Post-*Dobbs* Aff., ¶25.   It also includes allegations relating to new facts and statistics that have been published by New York since the filing of the Rule 59(e) and 15(a)(2) Motions. Civiletto Post-*Dobbs* Aff., ¶¶25. Since many of the arguments relating to the PAC addressing the Court's concerns are laid out in the Rule 59(e) Motion, Plaintiffs expressly incorporate those Motion and the supporting arguments to the extent they are not also discussed here. (Dkt. No. 61)

The Post-*Dobbs* PAC addresses the Court's concerns with respect to Counts One and Two by including additional allegations relating to state action. For example, Plaintiffs Smith and Park now include allegations that, among other things: lethal attacks against women have escalated since the RHA, the Bail Reform Law, and other policies were put in place by New York; that the release of these offenders under New York's recently-enacted Bail Reform law disproportionately impacts women; that Defendants knew or should have known that the elimination of deterrence

i

brought about by the RHA, the decriminalization of killing of Medically-Viable Unborn Children, New York's Bail Reform Law and other policies are reckless, unfounded and irrational, and serve only to remove an important source of protection for women and Medically-Viable Unborn Children. Civiletto Post-*Dobbs* Aff., ¶26.

The Post-*Dobbs* PAC squarely addresses the Court's concerns relating to Counts Three and Four by adding a specific Viable Unborn Child, Baby Nicholas, as a class representative, as well as two proposed Next Friends that bear a significant relationship with him. Civiletto Post-*Dobbs* Aff., ¶28.

The Post-*Dobbs* PAC directly addresses the Court's concerns relating to Count Seven by including Dr. Moe's allegations that, in response to patient inquiries about whether a post-viable abortion would be permissible on "health" grounds, she intends to advise her patients that the health exception requires a serious medical condition necessitating an abortion to save the life of the mother, or when a delay will create serious risk of substantial and irreversible impairment of a major bodily function, which may or may not be the same definition used by Defendants. Civiletto Post-*Dobbs* Aff., ¶ 29. Her professional judgment that the health exception does not include emotional, familial, and age considerations. Civiletto Post-*Dobbs* Aff., ¶29.

The Post-*Dobbs* PAC also addresses new facts and statistical information released by New York that was not available when the initial Complaint was filed, or when the Motions pursuant to Rule 59(e) and 15(a)(2) were filed. Civiletto Post-*Dobbs* Aff., ¶27.  For example, recent statistics relating to abortion, domestic violence and other attacks on women were recently published for 2019 and 2020. Civiletto Post-*Dobbs* Aff., ¶27.

Finally, the Post-*Dobbs* PAC also incorporates the significant changes in Plaintiffs' causes of action and general allegations in response to *Dobbs*. Plaintiffs have augmented the grounds

i

upon which they allege violations of their rights under the First and Fourteenth Amendments. Civiletto Post-*Dobbs* Aff., ¶30. The Post-*Dobbs* PAC is a complete and integrated pleading, which will supersede the PAC in all respects, as required by L.R. 15.1. Civiletto Post-*Dobbs* Aff., ¶24.

### Plaintiffs' Immediate Response to *Dobbs*.

The *Dobbs* decision had profound impacts on the constitutional landscape surrounding this litigation. Plaintiffs immediately sought relief from this Court. On July 8, 2022, Plaintiffs made a letter request to the Court asking the Court to temporarily withhold ruling on Plaintiffs' Motions to Alter, Amend, Reconsider, or Vacate Judgment Pursuant to Fed. R. Civ. P. 59(e), and For Leave To Amend the Complaint while Plaintiffs evaluated the impact on their Motions of the recent ruling in *Dobbs*. (Dkt. No. 74. On July 11, 2022, this Court granted Plaintiffs' letter request. (Dkt. No. 75) Plaintiffs filed their assessment on July 21, 2022, and requested leave to file a Rule 59 Motion or an amended pleading. (Dkt. No. 78). This Court granted that request for leave on July 22, 2022. (Dkt. No. 79) The instant motion pursuant to Fed. R. Civ. P. 60(b)(1) or (6) and Fed. R. Civ. P. 15(a)(2), as well as Plaintiffs' contemporaneously filed Motion for Substitution, comprise Plaintiffs' substantive requests to this Court in light of the *Dobbs* decision. Civiletto Post-*Dobbs* Aff., ¶¶17-24.

### Procedural Posture.

Plaintiffs have never had the opportunity to amend their Complaint. Civiletto Post-*Dobbs* Aff., ¶32. Plaintiffs have not had the opportunity to meet with the Court and opposing counsel pursuant to Rule 26. Civiletto Post-*Dobbs* Aff., ¶33. Plaintiffs requested oral argument on their Motions pursuant to Rule 59(e) and Rule 15, and that request was denied. Civiletto Post-*Dobbs* Aff., ¶34 (Dkt No. 62) On January 26, 2022, this Court granted Plaintiffs' letter motion (Dkt. 70) to substitute the proposed Amended Complaint (Dkt. 61-4) with a clean version to correct clerical

errors. (Dkt. 71). The substitution did not contain substantive changes, but rather addressed spacing and clerical issues only. Civiletto Post-*Dobbs* Aff., ¶35.

**ARGUMENT**

**I.   EXTRAORDINARY CIRCUMSTANCES JUSTIFY RELIEF UNDER FED. R. CIV. P. 60(b)(1) or (6).**

Rule 60(b) of the Federal Rules of Civil Procedure authorizes a district court "[o]n motion and just terms" to grant a party relief from "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It "provides an opportunity for courts to balance fairness considerations present in a particular case against the policy favoring the finality of judgments." *Barton v. Troy Ann. Conf.*, No. 09-CV-0063, 2011 WL 5325623, at *2 (N.D.N.Y. Nov. 3, 2011), *citing Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987); *Esposito v. N.Y.*, 07-CV-11612, 2010 WL 4261396, at *1 (S.D.N.Y. Oct. 25, 2010) ("Rule 60(b) was intended to preserve the delicate balance between the stability of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts."). Rule 60(b) sets forth six grounds upon which relief from a judgment or order may be granted: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) for any other reason that justifies relief. *Id.* Rule 60(b) "extraordinary judicial relief" which should be granted "only upon a showing of exceptional circumstances." *Barton*, 09-CV-0063, 2011 WL 5325623, at *2; *In re Terrorist Attacks on September 11, 2001*, 741 F.3d 353, 356 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2875 (2014). It may not be used as a substitute for an appeal, and a claim based on legal error alone is inadequate. *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986). The standards for motions to vacate under Rule 60(b) are similar to those used for motions to reconsider. *Giarrizzo v. Holder*, 07-CV-0801, 2011 WL 4964945, at *2 (N.D.N.Y. Oct. 19, 2011) (D'Agostino, J.). Generally, a court is justified in reconsidering its

i

previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.), *citing Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 [2d Cir. 1983], cert. denied, 464 U.S. 864 [1983]); *Jackson v. Pfau*, No. 910CV1484GTSDEP, 2012 WL 12883375, at *2 (N.D.N.Y. Jan. 10, 2012), aff'd, 523 F. App'x 736 (2d Cir. 2013); *Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963).

Here, extraordinary circumstances justify vacating the October 26 Judgment under Rule 60(b)(1) or 60(b)(6). The Supreme Court's decision in *Dobbs* eliminated what had previously been regarded as a fundamental right, destroyed the foundation for the New York's RHA, and otherwise reshaped the constitutional contours around which Plaintiffs have shaped their suit. Moreover, this Court dismissed two claims without considering an alternative basis for standing, which resulted in the dismissal of the Medically-Viable Unborn Children Class' Counts Three and Four. These extraordinary circumstances justify relief under Rule 60(b)(1) or 60(b)(6). Plaintiffs address each of these grounds in reverse order.

### A.    Intervening Changes in Law Plus Other Factors are Extraordinary Circumstances Justifying Relief from Dismissal Pursuant to Rule 60(b)(6).

"Rule 60(b)(6) 'confers broad discretion on the trial court to grant relief when appropriate to accomplish justice.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)). It provides that a District Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for "any ... reason that justifies relief." *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d at 356. It vests courts with "a grand reservoir of equitable power to do justice in a particular case." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quotation marks omitted), and should be

"liberally construed when substantial justice will thus be served." *Matarese*, 801 F.2d at 106. Other than it must be brought "within a reasonable time," there is no limitation on the time for making a Rule 60(b)(6) motion. Fed.R.Civ.P. 60(c)(1).

The Supreme Court, the Second Circuit, and other courts of appeal have recognized that a change in the governing law since final judgment was entered, coupled with other factors, can be the basis for Rule 60(b)(6) relief. *See, e.g., Buck v. Davis*, 137 S. Ct. 759 (2017) (granting Rule 60(b)(6) relief); *Marrero Pichardo*, 374 F.3d at 56 (vacating denial of 60(b)(6) motion and directing district court to grant relief); *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d at 355 (reversing denial of 60(b)(6) motion); *Matarese*, 801 F.2d at 106 (noting that "a post-judgment change in law" may "constitute an extraordinary circumstance warranting vacation of a judgment" and citing to multiple cases as support, but declining to reverse district court's denial of relief); *Tarkington v. United States Lines Co.*, 222 F.2d 358 (2d Cir. 1955) (granting Rule 60(b) relief from final judgment due to subsequent Supreme Court change in the governing law); *Tsakonites v. Transpacific Carriers Corp.*, 322 F. Supp. 722 (S.D.N.Y. 1970) (granting Rule 60(b) relief from final judgment due to subsequent Supreme Court change in governing law); *see also Adams v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 888 F.2d 696, 702 (10th Cir. 1989) ("In this circuit, a change in relevant case law by the United States Supreme Court warrants relief under Fed. R. Civ. P. 60(b)(6).").

To obtain Rule 60(b)(6) relief, in addition to a change in law, the movant must show "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (relief denied because moving party failed to exercise diligence). Whether Rule 60(b)(6) has been properly invoked requires an equitable case-by-case determination in which "a court may consider a wide range of factors." *Buck*, 137 S. Ct. at 778. "The Rule does not particularize the factors that justify

relief" but rather "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988), *quoting Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). This case presents the extraordinary circumstances that justify relief.

       1.      **Extraordinary Circumstances Exist Because *Dobbs* has Eviscerated the Constitutional Framework for the Challenged Statute.**

The *Dobbs* decision has eliminated the foundation for the RHA in ways that directly impact the parties' arguments and Plaintiffs' causes of action, and for this reason alone relief pursuant to Rule 60(b)(6) should be granted. Defendants have represented to the Court that "[t]he New York State Legislature passed the RHA in 2019 to ensure that New York's statutory law explicitly protects the rights identified in *Roe v. Wade*, as developed by succeeding caselaw, including the prohibition on creating an undue burden on women's right to abortion services." (Dkt. No. 35-1, p. 10); *see also* NY LEGIS 1 (2019), 2019 Sess. Law News of N.Y. Ch. 1 (S. 240) (McKinney's). The succeeding caselaw to which Defendants refer is *Planned Parenthood v. Casey* establishing the referenced "undue burden" test in cases involving a restriction on abortion. *Casey*, 505 U.S. 833, *overruled by Dobbs*, 142 S. Ct. 2228 (2022) ("In our view, the undue burden standard is the appropriate means of reconciling the State's interest with the woman's constitutionally protected liberty.").

The foundation for the RHA is gone. *Roe v. Wade* and *Casey*, the impetus for the RHA's enactment, has been overruled by *Dobbs*. There is no longer a federally recognized constitutional right to abortion. The Supreme Court has made clear that any reliance placed upon the Constitution for the myriad of rights and assertions advanced by Defendants is misplaced.

i

The RHA is not saved by any reference to state constitutional rights, either. While Defendants repeatedly state in their Opposition to Plaintiffs' Rule 59(e) Motion that the New York Constitution protects a woman's right to choose, the New York Constitution itself is silent as to abortion. Moreover, the New York Constitution does not mention or reference reproductive health or choices. The one case cited by Defendants, *Hope v. Perales,* with no analysis, references a right to abortion, yet it merely states that the putative "right to abortion"in the New York Constitution is at least co-extensive to the federal right as articulated in *Roe v. Wade* and *Casey*. 83 N.Y.2d 563, 575 (1994). Both of these cases have now been overturned, bringing the *Hope* ruling in doubt.

After *Dobbs*, Plaintiffs are challenging a state law that was founded upon the now-defunct legal principle that a woman has a constitutional right to a pre-viability abortion. That previously-recognized right to an abortion permeates the entire RHA, and indeed was the motivation for it. Because the *Dobbs* decision eviscerates the foundation for the RHA, and Plaintiffs are challenging the RHA on grounds that directly implicate that foundation, the thrust of the case must be modified through an amended pleading. For example, in the Post-*Dobbs* PAC, Plaintiffs: (1) incorporate revised and additional claims to reflect the changed constitutional boundaries after Dobbs; (2) include all of the prior allegations and new parties from the PAC that directly addressed the Court's concerns with regard to the initial Complaint; and (3) incorporate relevant, updated data and allegations relating to incidents of domestic violence in New York, all of which were published after the filing of Plaintiffs' initial PAC. Civiletto Post-Dobbs Aff., ¶25. These are significant and required amendments, particularly in light of *Dobbs*. Given the magnitude of the First and Fourteenth Amendment rights at issue, the historic reversal in *Dobbs*, and the groundbreaking nature of this case, it is just and fair that Plaintiffs have the opportunity to reshape their RHA

challenge. On this ground alone, Plaintiffs seek to vacate the October 26 Judgment, and request leave to file their Post-*Dobbs* PAC.

> **2.    Extraordinary Circumstances Exist Because The Specific Constitutional Boundaries Around Which Plaintiffs Initially Fashioned Their Case Have Changed.**

At its core, this case is about New York State's infringement of constitutional rights for pregnant women, medically-viable unborn children, and physicians. While it does not seek to establish a right to abortion, the (now-defunct) constitutional rights to a pre-viability abortion circumscribed some of the rights that Plaintiffs sought to have recognized or sought a declaration that they have been infringed. In other words, the constitutional boundaries upon which Plaintiffs drafted their complaint have now changed as a result of the Supreme Court's ruling in *Dobbs*.

Plaintiffs offer just two specific examples. Plaintiffs initially filed this case seeking judicial recognition of rights for unborn children that accrued where the now-extinguished right to an abortion in *Roe v. Wade* and *Casey* ended: the point of viability, as articulated by *Casey*, 505 U.S. at 878, 112 S. Ct. at 2821, *overruled by Dobbs*, 142 S. Ct. 2228 (2022) ("To protect the central right recognized by *Roe v. Wade* while at the same time accommodating the State's profound interest in potential life, we will employ the undue burden analysis as explained in this opinion. An undue burden exists, and therefore a provision of law is invalid, if its purpose or effect is to place a substantial obstacle in the path of a woman seeking an abortion before the fetus attains viability."). After *Dobbs*, abortion laws and regulations are no longer evaluated using undue burden analysis, which impacts viability analysis. Moreover, the analysis involving viability is different because it must be tethered to some other foundation, instead of the standard employed by *Roe* and *Casey*. In their Post-*Dobbs* PAC, consistent with the demands of the Dobbs majority, Plaintiffs highlight the bases for their viability arguments. Civiletto Post-Dobbs Aff., ¶¶30, 31.

Moreover, as a second example, Plaintiffs incorporate the Supreme Court's acknowledgement that the judicial consideration of cases involving the unborn are different than other fundamental rights cases. The majority in Dobbs emphasizes that the presence of a developing life is a consideration that sets apart all cases involving prenatal life. *Dobbs*, 142 S. Ct. 2228, 2236–37, and 2241, 2243. "The exercise of the rights at issue in Griswold, Eisenstadt, Lawrence, and Obergefell does not destroy a 'potential life,' but an abortion has that effect. So, if the rights at issue in those cases are fundamentally the same as the right recognized in Roe and Casey, the implication is clear: The Constitution does not permit the States to regard the destruction of a "potential life" as a matter of any significance." *Id*. at 2261. While interests remain, they are enlarged, and the arguments tied to the untethered viability framework no longer have the same constitutional dimension, and must be further expounded upon on both a newly-drawn complaint, and thereafter in thorough briefing.

The extent to which the new constitutional boundaries impact this case is also evident in the number of times and the manner in which Defendants rely upon *Roe* and *Casey*. Those cases underlie their defense in this case, and references to those cases appear throughout their briefing. Indeed, Defendants include an entire section entitled "Legal Background," which presumably is meant to provide the constitutional foundation for their entire Motion to Dismiss Memorandum. The "Legal Background" section relies upon the very principles the Supreme Court has overturned in *Dobbs*.  (Dkt. No. 35-1, pp. 10, 11) The extraordinary circumstances presented here justify the relief sought by Plaintiffs. Accordingly, they respectfully request that the Court vacate its October 26 Judgment pursuant to Rule 60(b)(6), and permit them leave pursuant to Rule 15(a)(2) to file their Post-*Dobbs* PAC.

3.     **The Public Interest Is Served by Granting the Requested Relief**.

The public interest is served by granting Rule 60(b)(6) relief, and permitting this case to proceed on a constitutionally accurate basis. *See Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 644 F. App'x 98, 108 (2d Cir. 2016) (Second Circuit affirmed the district court's grant of Rule 60(b) relief to lift injunctions on public interest grounds, noting the district court's consideration of the economic welfare of Argentina and its citizens was also proper.). The issues implicated in this case are among the most important to all citizens of New York and the United States. They deal with life, liberty, and equal protection under the law. These are the very types of cases that merit full and comprehensive analysis because they are life-altering in their import. The public interest is served by vacating the October 26 Judgment and allowing this case to be litigated on the merits as stated in the Post-*Dobbs* PAC.

**b.**     **Alternatively, An Error of Law and Very Special Facts Justify Relief Pursuant to Rule 60(b)(1).**

Rule 60(b)(1) provides relief for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Under this provision, a district court may correct its own mistakes that are 'of a substantive legal nature,' and 'its own mistake[s] of fact.'" *Castro v. Bank of N.Y. Mellon*, --- F. App'x ---, 2021 WL 1207904, at *2 (2d Cir. Mar. 31, 2021) (summary order) (alteration in original) (first quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) and *Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.)*, 346 F.3d 31, 35 (2d Cir. 2003)(applies to mistakes of law or fact); *see also United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009). *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (In deciding a Rule 60(b) motion, a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality). Plaintiffs contend that two errors justify relief under Rule 60(b)(1).

i

     **1.**      **The Representation of Minors by Guardian ad Litem or Next Friend is Not Required for Claims of Minors to Proceed.**

The dismissal of Counts Three and Four were in error, particularly in light of *Dobbs* and its renewed focus on the unique circumstances of cases involving the unborn, and constitutes a ground upon which the October 26 Judgment should be vacated. Those claims were dismissed based on the Court's ruling that Mary Doe lacks proper standing to pursue claims as "Next Friend" on behalf of the Medically-Viable Unborn Children Class because she did not allege a "significant relationship" with the members of the class she sought to represent. (Dkt. No. 59, pp. 16, 22, dismissing Counts Three and Four). The Court expressly reserved the issue of "whether such an appointment is allowed under Rule 17(c)(2)," but did not further address this issue in the October 26 Memorandum Decision. In that opinion, the Court did not address or reference counsels' representation of the minors, and case law finding that a guardian ad litem or next friend is *not* required for claims of minors to proceed. Civiletto Post-*Dobbs* Aff., ¶10. The Court's failure to address this important issue was error for which vacation is authorized under Rule 60(b)(1).

The Medically-Viable Unborn Children Class is comprised of minors who are not legally capable of representing their own interests. *See James v. New York*, 415 F. App'x 295, 296 (2d Cir. 2011) (*citing Berrios v. N.Y.C. Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). Fed. R.Civ. Proc. 17(c)(1) permits a minor to sue through a preexisting legal representative "such as a general guardian, committee, conservator, or other fiduciary," but such representation is not mandatory as recognized in Rule 17(c)(2). Rule 17(c)(2) gives the federal court broad authority to appoint such a representative OR take any action it thinks proper for the protection of the minors. Charles Alan Wright & Arthur R. Miller, 6A Fed. Prac. & Proc. § 1570 (3d ed. 2019).

While the appointment of a guardian ad litem or next friend is discretionary, the appointment of a lawyer representing the interests of minors is not. *Wenger v. Canastota Central*

*School Dist.*, 146 F.3d 123, 125 (2d Cir.1998) ("[W]ithout ... counsel, the case will not go forward at all."), *overruled on other grounds* by, *Winkelman ex. rel. Winkelman v. Parma City School Dist.*, 550 U.S. 533 (2007)). *See also White v. Miller*, 158 U.S. 128, 148-50 (1895) (reversing and remanding lower court's dismissal of bill of review with regard to minor defendants who were not represented by counsel such that the answer submitted by guardian ad litem on behalf of minor defendants was a nullity); *Praileau v County of Schenectady*, 709-CV-0924(TJM/GHL), 2009 WL 6870359, at *3 (NDNY Aug. 20, 2009), report and recommendation adopted, 7:09-CV-0924 TJMGHL, 2010 WL 3761902 (NDNY Sept. 20, 2010)("[a] parent may sue on behalf of his or her minor child as a next friend only if 'the parent is represented by counsel and has no interests that conflict with those of the child.").

Here, counsel for Plaintiffs represent not only Plaintiff Doe, one of the Next Friends rejected by this Court, but also the minors comprising the Medically-Viable Unborn Children Class. A majority of federal courts, including the neighboring U.S. District Court for the Eastern District of New York, have recognized that representation by counsel is sufficient for the prosecution of a case when the minors are represented by counsel, even in the absence of a guardian ad litem or next friend. *Ruppert v. Secretary of U.S. Dept. of Health and Human Services*, 671 F. Supp. 151, 172 (E.D. N.Y. 1987), judgment aff'd in part, rev'd in part on other grounds, 871 F.2d 1172 (2d Cir. 1989); *see also Hendrickson v. Griggs*, 672 F. Supp. 1126 (N.D. Iowa 1987) (counsel sufficient for class of juveniles to proceed); Fed.R.Civ.Proc. 17(c)(1) (recognizing that minors may be represented by "a like fiduciary" when the minor is not represented by a general guardian, committee, or conservator); *Cinema 5, Ltd. v Cinerama, Inc.,* 528 F2d 1384, 1386 (2d Cir 1976) ("A lawyer's duty to his client is that of a fiduciary or trustee."); Restatement (Third) of the Law Governing Lawyers § 16 (2000). Plaintiffs Medically-Viable Unborn Children's existing attorneys

are competent to represent and protect the interests of the Medically-Viable Unborn Children Class, a fact overlooked by this Court, and therefore, to avoid a manifest injustice, this Court should vacate the October 26 Judgment and grant leave to file the Post-*Dobbs* PAC.

### 2.    This Case Presents Extraordinary Facts That Justify Vacation.

A change in decisional law has also been recognized as "very special facts" and grounds for vacation of a judgment pursuant to Rule 60(b)(1). In *Tarkington v. United States Lines Co.,* 222 F.2d 358 (2d Cir.1955), the Second Circuit held that a change in decisional law as the result of a reversal by a higher court can be considered a 'mistake' for which Rule 60(b) provides a remedy. *Tarkington,* 222 F.2d at 360. There, the Supreme Court rendered a conflicting decision eleven days after entry of judgment by the trial judge. *Tarkington,* 222 F.2d at 359. Judge Friendly explained the rationale of *Tarkington* in a subsequent decision: "Under such circumstances there is indeed good sense in permitting the trial court to correct its own error and, if it refuses, in allowing a timely appeal from the refusal; *no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings,* when the trial court is equally able to correct its decision in the light of new authority on application made within the time permitted for appeal ...." *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964)(emphasis added). Judge Friendly further noted that "[w]e allowed this to be done in *Tarkington v. United States Lines Co.*, 222 F.2d 358 (2 Cir. 1955), but on very special facts. *Id*.

Those very special facts are present here. A monumental decision has been issued by the Supreme Court that significantly reshapes the claims advanced by Plaintiffs in this litigation, as well as most of the defenses asserted by Defendants. This Court is fully familiar with the facts and parties, and therefore vacating the judgment and permitting leave would serve the ends of judicial

economy. *See Schildhaus*, 335 F.2d at 531. The instant case should be fully and comprehensively briefed, using the updated and amended Post-*Dobbs* PAC as the basis.

Under either argument in support of their Motion pursuant to Rule 60(b)(1), Plaintiffs' Motion is timely since it is within one year of the date of the Court's dismissal. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). It is also justified in light of the very special facts asserted here.

## II. THIS COURT SHOULD GRANT LEAVE PURSUANT TO RULE 15(a)(2) TO FILE THE POST-*DOBBS* PAC.

Two Second Circuit cases govern post-judgment requests to vacate a judgment and file an amended complaint: *Williams v. Citigroup Inc.*, 659 F.3d 208, 211-213 (2d Cir. 2011) and *Mirkin v. XOOM Energy, LLC*, 931 F.3d 173, 174 (2d Cir. 2019). Both decisions involved a situation where the district court granted a motion to dismiss, a party moved to vacate or amend the judgment pursuant to Fed. Civ. P. 59(e) and 60, and sought leave to file an amended complaint, and the district court denied the motion for leave to file. *Williams*, 659 F.3d at 211-213; *Mirkin*, 931 F.3d at 174. In both instances, the Second Circuit, relying upon the Supreme Court's decision in *Foman v. Davis*, reversed the denial of the motion for leave to amend. *See Williams*, 659 F.3d at 214; *Mirkin*, 931 F.3d at 178. Neither the Supreme Court, nor the Second Circuit, provided any analysis of the traditional Rule 59(e) or 60(b) standards, but rather all three courts focused on the appropriateness of allowing the proposed amendment under Rule 15, although *Williams* and *Mirkin* incorporate due regard for notions of finality in the post-judgment context. *Foman*, 371 U.S. at 182; *Williams*, 659 F.3d at 212-14; *Mirkin*, 931 F.3d at 177-78.

*Williams, Mirkin, Metzler,* and *Fomen* stand for the propositions that a plaintiff seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside

i

pursuant to Rules 59(e) or 60(b), that due regard should be given to the liberal spirit of Rule 15, and that leave should be freely given, especially for a first request, unless "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Foman*, 371 U.S. at 182; *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (post-judgment amended complaint requires vacation or set aside Fed. R. Civ. P. 59(e) or 60(b)).

Plaintiffs present compelling reasons to vacate the October 26 Judgment pursuant to Rule 60(b)(1) or (6), and grant leave to file the Post-*Dobbs* PAC. Not only does the Post-*Dobbs* PAC cure all of the defects in the original Complaint that resulted in the judgment of dismissal, but it also incorporates new facts not previously available, and accommodates a fundamentally changed constitutional framework that governs the merits of this action, including fundamental rights found under the First and Fourteenth Amendments.

### a.   It Would Be a Manifest Injustice to Deny Leave Where New Dimensions of Constitutional Rights are Now Available.

By overruling *Roe, Casey, Doe v. Bolton,* and *Colautti v. Franklin, 439 U.S. 379, 99 S.Ct. 675, 58 L.Ed.2d 596,* a broader and more robust cause of action is available to Plaintiffs Medically-Viable Unborn Children based on the enumerated right to life and equal protection. Defendants repeatedly cited *Roe, Casey, and Byrne*, which is inapposite, for the proposition that a fetus is not a human being. (Dkt. No. 69), and then used that argument to oppose Counts III and IV. After *Dobbs*, *Roe v. Wade*, including its constitutionally and historically unfounded statement that the unborn are not persons within the language and meaning of the Fourteenth Amendment, is no longer the law of the land. Those cases are no longer valid. Moreover, the *Byrne* case cited by Defendants is inapposite because it expressly relates to pre-Medically-Viable Unborn Children, not Medically-Viable Unborn Children. These cases no longer stand as an obstacle.

i

The Supreme Court in *Dobbs* expressly stated that there is something different about cases involving the unborn. After *Dobbs*, the presence of a developing life is a consideration that sets all cases involving pre-natal life apart from other constitutional cases. *Dobbs*, 142 S. Ct. 2228, 2236-237, 2243, 2256 – 2258 ("…but abortion is fundamentally different, as both *Roe* and *Casey* acknowledged, because it destroys what those decisions called "fetal life" and what the law now before us describes as an "unborn human being.") and ("…The Constitution does not permit the States to regard the destruction of a "potential life" as a matter of any significance."). The recognition that there is something different about cases involving an unborn human being is specifically addressed in the Post-*Dobbs* PAC. Civiletto Post-*Dobbs* Aff., ¶31.

Moreover, without *Roe*, *Casey*, and *Colautti*, Circuit Court authority persuasively establishes that it is a medical fact that an unborn child is a human being. *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 530 F.3d 724, 735–36 (8th Cir. 2008) (en banc). In light of *Dobbs*, and its significant impact on the augmented constitutional grounds for the instant lawsuit, this Court should grant leave to Plaintiffs to file the Post-*Dobbs* PAC. The above arguments also demonstrate that Plaintiffs Medically-Viable Unborn Children's right to equal protection are also more robust, and should be further elucidated in an amended complaint.

**b.    Leave Is Appropriate Because There has been No Delay or Bad Faith, and There is No Undue Prejudice to the Defendants.**

There is no evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. At each stage of this litigation, Plaintiffs have acted with extreme diligence – often within days -- to protect their rights. *See, e.g., City of Almaty, Kazakhstan v. Ablyazov*, No. 115CV05345AJNKHP, 2019 WL 2324587, at *2 (S.D.N.Y. May 29, 2019) (no delay where plaintiffs requested permission to amend less than three months after receiving the judgment).

There is no possibility of undue prejudice to the Defendants by allowing the Post-*Dobbs* PAC. Indeed, the opposite is true. Defendants will no doubt welcome the opportunity to re-argue their grounds for opposing Plaintiffs' pending Rule 59(e) Motion, since their entire opposition centered around *Roe, Casey, Byrn, and Doe v. Bolton*, all of which have either been overturned, or have no applicability to this case since it involves Medically-Viable Unborn Children, not pre-Medically-Viable Unborn Children. Moreover, there is no surprise in allowing the Post-*Dobbs* PAC because Defendants are familiar with the substance of the causes of action, and certainly with the language and import of the Dobbs decision since the Defendant New York Attorney General Letitia James intervened in that action and filed an Amicus Brief. Civiletto Post-*Dobbs* Aff., ¶39. In addition, when faced with a proposed amended complaint that reflects the current state of the law, Defendants may choose to settle these claims in light of the significant change in the constitutional landscape. Under any scenario, Defendants benefit from this Court granting leave to file the Post-*Dobbs* PAC.

.       **Leave Is Justified Because the Post-*Dobbs* PAC is Not Futile.**

Plaintiffs' Post-*Dobbs* PAC is not futile. Plaintiffs have addressed all of the Court's concerns relating to additional allegations concerning state action. Civiletto Post-*Dobbs* Aff., ¶¶25-31. They have added a Next Friend with a significant connection to the proposed real party in interest, a Viable Unborn Class Member, as well as a declaration from Dr. Moe that contains her concrete choice as to which definition she would use when asked by clients the definition of "health" for purposes of securing a post-24 week abortion. Civiletto Post-*Dobbs* Aff., ¶¶25-31. In addition, Plaintiffs have added other doctors who share Dr. Moe's concern, and likewise have offered a concrete definition of "health," and professional assessment of measures of "fetal viability," and the clinical competencies of "healthcare providers" to perform post-24 week

abortions. Their intended actions consistent with these professional judgments subject them to prosecution or adverse licensure actions by Defendants.

Finally, permitting the Plaintiffs to file the Post-*Dobbs* PAC will serve judicial economy. In the event of the denial of these motions, the new Plaintiffs may have to consider filing standalone claims, which would simply augment the number of challenges to the RHA. Plus, this Court is already intimately familiar with the facts of this case. "There is no need to burden a sister court with a new action when this Court can determine the merits of the claims together." *City of Almaty, Kazakhstan v. Ablyazov*, No. 115CV05345AJNKHP, 2019 WL 2324587, at *3 (S.D.N.Y. May 29, 2019). Plaintiffs have amply demonstrated that considerations of both finality, justice, and the liberal spirit of Rule 15 are met. Leave to amend should be granted.

## CONCLUSION

Virtually every claim made by Plaintiffs has been impacted by the *Dobbs* opinion, as has every defense offered by Defendants. It would be a manifest injustice to refuse to vacate the October 26 Judgment pursuant to Fed. R. Civ. P. 60(b)(1) or (6) and deny Plaintiffs the opportunity to replead their claims through the Post-*Dobbs* PAC pursuant to Fed. R. Civ. P. 15 and controlling Second Circuit authority.

Respectfully submitted this 19th day of August 2022.

/s/ Teresa S. Collett

Teresa S. Collett, Esquire
3195 Red Oak Drive
Eagan, MN 55121
Telephone: (651) 271-2958
Email: Teresa.S.Collett@gmail.com
N.D.N.Y. Atty. Bar Roll # 702425

/s/ Christen E. Civiletto

Christen Elizabeth Civiletto, Esquire
8313 West Point Drive
East Amherst, New York 14051
Telephone: (716) 713-2431
Email: christenciviletto@gmail.com
N.D.N.Y. Atty. Bar Roll # 702121

*COUNSEL FOR PLAINTIFFS*

i